UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GABRIEL DYLAN GROVE,**

        **Plaintiff,**

**v.**                                          **Case No:   6:19-cv-2100-Orl-28EJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 405(g), 423, and 1382, to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Supplemental Security Income ("SSI"). (Doc. 1.) Upon a review of the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, the administrative record, and the pleadings and memorandum submitted by the parties, I respectfully recommend that the Commissioner's final decision in this case be affirmed, pursuant to sentence four of 42 U.S.C. § 405(g).

**I.      PROCEDURAL BACKGROUND**

Plaintiff filed an application for SSI on June 10, 2016. (Tr. 167–175.) His application was denied initially and on reconsideration. (Tr. 97–99; 102–106.) Following a hearing before the ALJ (Tr. 36–64), an unfavorable decision was issued (Tr. 12–35). The Appeals Council denied Plaintiff's request for review. (Tr. 1–6.) Plaintiff then timely filed this action for judicial review of the Commissioner's decision. (Doc. 1.)

**II.    THE ALJ'S DECISION**

An individual is considered disabled and entitled to disability benefits if the person is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In evaluating an SSI claim, the Commissioner must use the following five-step sequential analysis:

1. If the applicant is working, the claim is denied.

2. If the impairment is determined not to be severe—i.e., if the impairment or combination of impairments does not significantly limit the individual's physical or mental ability to do basic work—then the claim is denied.

3. If the impairment or combination of impairments meets or medically equals one of the specific impairments listed in the regulations, then the claimant is entitled to disability benefits. If not, then the Commissioner proceeds to step four.

4. If the claimant has the residual functional capacity ("RFC") to perform past work, then the claim is denied. If not, then the Commissioner proceeds to step five.

5. If the claimant cannot perform past work, then the Commissioner must determine whether there is substantial work in the economy that the claimant can perform. If so, the claim is denied.

*See* 20 C.F.R. §§ 416.920–416.976.

At step one of the sequential analysis, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from January 2018 to March 2018. (Tr. 17.) At step two, the ALJ found that Plaintiff was severely impaired by a combination of obesity, degenerative disc disease

of the lumbar spine, status post very remote laminectomy and fusion, bipolar disorder, attention deficit hyperactivity disorder, and marijuana dependence. (Tr. 18.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the regulations. (*Id.*) Before proceeding to step four, the ALJ determined that Plaintiff had the RFC to do the following:

> perform light work. . . . However the claimant can never climb ladders, ropes, or scaffolds, and can occasionally climb ramps and stairs, as well as occasionally balance, stoop, kneel, crouch, or crawl; he can never operate a motor vehicle; he is limited to simple tasks; and he is limited to simple work-related decisions.

(Tr. 22.) At step four, the ALJ found that Plaintiff could not perform his past relevant work as a construction inspector. (Tr. 29.) The ALJ concluded her analysis at step five, finding there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*) Such jobs include small parts assembler, laundry folder, and inspector/hand packager. (Tr. 30.)

## III.    STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.

*Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]" *Id.* However, though the review is limited, "the entire record must be scrutinized to determine the reasonableness of the Secretary's factual findings." *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

## IV. DISCUSSION

Plaintiff raises two issues on appeal. First, whether the ALJ erred by not specifying the weight afforded to the opinion by Aspire Health Partners. (Doc. 23 at 10.) Second, whether the failure to afford weight to that opinion resulted in the ALJ posing an incomplete hypothetical to the vocational expert ("VE"). (Doc. 23 at 17.) Upon review, the undersigned finds that the ALJ did not err.

### A. The ALJ Did Not Err by Failing to Assign Weight to the Opinion by "Aspire Health Partners"

Plaintiff argues that the ALJ erred by failing to indicate the weight she assigned to the opinion by "Aspire Health Partners" ("AHP"). (Doc. 23 at 10 (referring to the opinion at Tr. 449).) Plaintiff posits that by not indicating the weight assigned to AHP's opinion, "it is impossible to know how these records were factored into the ALJ's residual functional capacity determination." (*Id.*) In support, Plaintiff cites to *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011), wherein the Eleventh Circuit stated that when the ALJ fails to indicate the weight assigned to a treating physician, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." (*Id.* at 14.)

In response, the Commissioner clarifies that AHP's opinion was authored by Martina Hines, B.S. ("Ms. Hines"). (Doc. 23 at 14.) The Commissioner then argues that Ms. Hines is not

an acceptable medical source who "can establish the existence of medically determinably impairment and give medical opinions." (*Id.* at 15.) As such, it is the Commissioner's stance that Ms. Hines did not author an opinion that would require an assignment of weight by the ALJ. (*Id.*)

The Code of Federal Regulations defines medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite impairment(s), and [claimant's] physical or mental restrictions." 20 C.F.R. § 416.927; *see also Winschel*, 631 F.3d at 1179 (finding that the treatment notes constituted a medical opinion because they included a "description of [Plaintiff's] symptoms, a diagnosis, and a judgment about the severity of [Plaintiff's] impairments"). Acceptable medical sources include licensed physicians, psychologists, optometrists, podiatrists, and qualified speech pathologists. 20 C.F.R. § 416.913(a)(1)–(5) (2013); *see also* SSR 06-03p, 2006 WL 2329939, at *1 (Aug. 9, 2006).[1]

An ALJ may consider opinions from nonmedical sources. 20 C.F.R. § 416.927(f)(1). "Although the ALJ should consider evidence from non-medical sources, the ALJ is not required to assign the evidence any particular weight." *Farnsworth v. Soc. Sec. Admin.*, 636 F. App'x 776, 784 (11th Cir. 2016) (citing SSR 06-03p, 2006 WL 2329939, at *1). "Instead, whether and how much weight the ALJ should give this kind of evidence depends upon the particular facts of the case and a variety of factors, including whether the opinion is consistent with other evidence in the record." *Id.* at 785 (citing SSR 06-03p, 2006 WL 2329939, at *4).

---

[1] While SSR 06-03p was rescinded by 82 Fed. Reg. 15,263 (Mar. 27, 2017), the Commissioner notes that it was in effect during Plaintiff's administrative proceedings. (Doc. 23 at 15 n.7.)

On April 26, 2018, Plaintiff presented to Martina Hines, B.S. ("Ms. Hines") at Aspire Health Partners for a Psychosocial Assessment. (Tr, 444–50.) When prompted to provide a diagnosis and justification, Ms. Hines stated the following:

> Bipolar I disorder, current or most recent episode depressed, in partial remission [w]hich affects the client's ability to function independently within the community as evidenced by irritability/ anger outbursts, difficulty controlling his mood, low mood, inappropriate feelings of worthlessness and anxiety about his future which are present 7/7 days a week for majority of the day.

(Tr. 449.)

As a preliminary matter, if the undersigned were to accept Plaintiff's representation that the above opinion was authored by AHP, then Plaintiff's argument would necessarily fail. AHP is a medical system, which is not considered an acceptable medical source. *See* 20 C.F.R. § 416.913(a)(1)–(5) (2013); SSR 06-03p, 2006 WL 2329939, at *1.

After reviewing the opinion, the undersigned finds that the Commissioner correctly noted that it was authored by Ms. Hines. (Tr. 449.) The Commissioner argues that Ms. Hines is not an acceptable medical source, which Plaintiff does not refute.[2]  As such, Ms. Hines's opinion was "not entitled to any special significance or consideration," and the ALJ did not err by failing to afford any weight to Ms. Hines's opinion. *Shaw v. Colvin*, No. 6:15-cv-1598-Orl-DNF, 2017 WL 677668, at *4 (M.D. Fla. Feb. 21, 2017) (finding that the administrative law judge did not err by failing to explicitly state the weight assigned to an opinion authored by Sarah Wright, B.S.).

---

[2] The docket reflects that Plaintiff did not move for leave to file a reply brief after reviewing the Commissioner's portion of the Joint Memorandum. (Doc. 22 at 1) (providing that the Commissioner was to serve his portion of the Joint Memorandum on May 15, 2020). Additionally, the parties' Joint Memorandum used only 18 out of the 40 pages allotted by the Scheduling Order (Doc. 22 at 2); thus, Plaintiff had ample space to respond to the Commissioner's arguments. (Doc. 23.) Therefore, the undersigned concludes that Plaintiff accepts the Commissioner's representation that Ms. Hines is not an acceptable medical source.

### B. The Hypothetical Posed to the ALJ Fully and Accurately Reflects Plaintiff's Condition

Plaintiff argues that had the ALJ properly weighed AHP's opinion, she would have posed a hypothetical to the vocational expert ("VE") that "fully and accurately reflects [Plaintiff's] condition." (Doc. 23 at 17.) In response, the Commissioner correctly points out that Plaintiff's VE argument is based "entirely on the success of his prior argument. . . ." (*Id.* at 18.)

At step five, the burden of proof shifts to the Commissioner to demonstrate that there are jobs in significant numbers that Claimant could have performed. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). At this step, the ALJ must "articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). When a claimant "cannot perform a full range of work at a given level of exertion or the claimant has non-exertional impairments that significantly limit basic work skills[,] . . . the Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a VE." *Curcio v. Comm'r of Soc. Sec.*, 386 F. App'x 924, 925 (11th Cir. 2010) (unpublished) (internal quotation marks omitted).

When "the ALJ elects to use a [VE] to introduce independent evidence of the existence of work that a claimant could perform, the ALJ must pose a hypothetical that encompasses *all* of the claimant's severe impairments in order for the VE's testimony to constitute substantial evidence." *Chavanu v. Astrue*, No. 3:11-cv-388-J-TEM, 2012 WL 4336205, at *9 (M.D. Fla. Sept. 21, 2012) (citing *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985)) (emphasis added).

As I have already concluded that the ALJ's treatment of Ms. Hines's opinion was proper, I therefore conclude that the ALJ's hypothetical to the VE was based on substantial evidence.

**V.    RECOMMEDATION**

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **AFFIRM** the Commissioner's final decision in this case; and
2. **DIRECT** the Clerk to enter judgment accordingly and **CLOSE** the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 19, 2021.

*[Signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties